FILED

**LAW OFFICE OF JOHN J. URIBE**
JOHN J. URIBE, ESQ. (SBN: 196720)
Post Office Box 69276
Los Angeles, California 90069
Tel: (310) 582-0110
E-Mail: uribelaw@hotmail.com
Attorney for Plaintiffs: BRANDY FOUNDATION ANIMAL SANCTUARY
　　　　　　　　　　 CYNTHIA LEE BEMIS
　　　　　　　　　　 CYNTHIA VALARIE TRAPANI
　　　　　　　　　　 VINCE DEAN RHOADS

2008 APR -7 PM 3:44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **(1)** BRANDY FOUNDATION ANIMAL SANCTUARY; **(2)** CYNTHIA LEE BEMIS; **(3)** CYNTHIA VALARIE TRAPANI; **(4)** VINCE DEAN RHOADS, <br><br>　　　　　　Plaintiffs, <br><br>vs. <br><br>**(1)** SAN BERNARDINO COUNTY; **(2)** SAN BERNARDINO COUNTY ANIMAL CARE & CONTROL; **(3)** BRIAN CRONIN; **(4)** JOHN PAPP; **(5)** DOUGLAS SMITH; **(6)** SAN BERNARDINO COUNTY SHERIFF-CORNER'S DEPARTMENT; **(7)** SHERIFF-CORONER GARY PENROD; **(8)** ROBERT J. WOODRUM; **(9)** COUNTY OF LOS ANGELES; **(10)** LOS ANGELES COUNTY DEPARTMENT OF ANIMAL CARE & CONTROL; **(11)** MARCIA MAYEDA; **(12)** CHRISTINE FRANCO; **(13)** SHERI KOENIG; **(14)** ALONZO REAL; **(15)** CARMEN a/k/a MARIA GARCIA; **(16)** DANNY UBARIO; **(17)** PATRICIA CUNNINGHAM; **(18)** JOSIE ZABALA, DVM; **(19)** LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; **(20)** SHERIFF LEE BACA; **(21)** SHANDERIN KENNELS; **(22)** HURSTLAND KENNELS; **(23)** SAMIR SARGIOUS, DVM; **(24)** DEBI McGREGOR; **(25)** MARY ANN GONZALEZ; **(26)** RIGO ACEVES; | **CASE NO.:** CV08-02292 DDP PLAx <br><br>**COMPLAINT** <br><br>1. **Violation of Civil Rights (42 U.S.C. §1983)** <br>2. **Violation Civil Rights (42 U.S.C. §1983 - Monell)** <br>3. **Conspiracy to Violate Civil Rights (42 U.S.C. § 1985)** <br>4. **Violation of Mandatory Duties (Cal. *Civil Code* § 52.1)** <br>5. **Violation of Mandatory Duties (Cal. *Gov. Code,* § 815.6)** <br>6. **Violation of Civil RICO (18 U.S.C. § 1961)** <br>7. **Violation of Supremacy Clause** <br>8. **Preemption By Animal Welfare Act (7 U.S.C. § § 2131 through 2156)** <br>9. **Breach of Contract** <br>10. **Breach of Implied Covenant of Good Faith & Fair Dealing.** <br>11. **Breach of Mandatory & Fiduciary Duties.** <br>12. **Breach of Contract** <br>13. **Breach of Implied Covenant of Good Faith & Fair Dealing.** <br>14. **Conversion** <br><br>**DEMAND FOR TRIAL BY JURY** |

-1-

COMPLAINT; DEMAND FOR TRIAL BY JURY

**(27)** COUNTY OF KERN; **(28)** KERN COUNTY RESOURCE MANAGEMENT AGENCY; **(29)** DAVID PRICE III; **(30)** KERN COUNTY ANIMAL CONTROL SERVICES DEPARTMENT; **(31)** DENISE HAYNES; **(32)** STEVEN G. EIRICH a/k/a STEVE EIRICH a/k/a STEVEN G. EIRICH, JR.; **(33)** JULIE RAYNE DUNLAP-SUGGS a/k/a JULIE DUNLAP; **(34)** DANIEL BURGESS; **(35)** JENNIFER L. McDOUGLE, DVM; **(36)** ELISE MARTIN, DVM; **(37)** KERN COUNTY SHERIFF'S OFFICE; **(38)** SHERIFF DONNY YOUNGBLOOD; **(39)** J. CARPENTER; **(40)** GAGNON; **(41)** MELISSA  T. KREVITZ a/k/a MELISSA MASON; **(42)** JULIE ANN CRUPH a/k/a JULIE CRUPH; and DOES 1 through 200, inclusive, in their official and individual capacities,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

# NATURE OF ACTION

**1.**     This is a civil rights action for damages seeking to recover compensation and punitive damages from defendants who deprived plaintiffs, under color of law, statute, regulation, or custom and usage in the State of California, of rights, privileges and immunities secured by the laws and Constitution of the United States; particularly, the Supremacy Clause of the United States Constitution, art. VI, ¶2, the Fourth, Fifth, Sixth, and/or Fourteenth Amendments, Civil Rights Act (42 U.S.C. § § 1983 and 1985), Racketeer Influence Corruption Organization Act ("RICO") (18 U.S.C. §§ 1961 and 1964), and California *Civil Code* § 52.1(b)(Cal. *Civ.Code* § 52.1(b).)

**2.**     This is also an equitable action for declaratory relief under 28 U.S.C. § § 2201 and 2202, and Rules 57, 58, and 65 of the Federal Rules of Civil Procedure (Fed. R.Civ.P. Rules 57, 58, 65), for purposes of declaring both defendants': **(a)** search and seizure practice and policy; and **(b)** application, use, and enforcement of California *Penal Code* §§ 597, *et seq.*, and 597.1, *et seq.*, as unconstitutional.

**3.**     This is also an equitable action for preliminary and permanent injunction relief under Rule 65 of the Federal Rules of Civil Procedure (Fed. R.Civ.P. Rules 65),

enjoining defendants, and each of them, their agents, employees, and successors in office, from continuing to: **(a)** conduct their search and seizure policy; and **(b)** application, use, and enforcement of California *Penal Code* §§ 597, *et seq.*, and 597.1, *et seq.*

## JURISDICTION & VENUE

**4.** This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § § 1331 (federal question), 1332(a)(2), 1343 (Civil Rights).

**5.** The declaratory and injunctive relief requested in this action is authorized under 28 U.S.C. § § 2201 (Declaratory Relief) and 2202 (Injunctive Relief), and Rules 57, 58, and 65 of the Federal Rules of Civil Procedure (Fed. R.Civ.P. Rules 57, 58, 65).

**6.** Monetary damages only  - - are inadequate - - and plaintiffs have suffered irreparable harm from the unconstitutionality of California *Penal Code* § § 597, *et seq.* and/or 597.1, *et seq.*, as coupled with defendants' actions, practices, polices, and procedures complained here, and will continue to suffer from such harm unless injunctive relief is granted as requested below.

**7.** The Court has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367.

**8.** Concurrent jurisdiction was granted to this court under *Williams vs. Horath* 16 Cal.3d 834, 837 (1976).  Also, this Court has jurisdiction to award damages pursuant to Article VI Section 10 of the California Constitution.

**9.** Venue is proper in the Central District of California this judicial district under 28 U.S.C. §1391(b) and/or (c) because one or more of the named defendants reside in the judicial district with such also being where a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject matter of the action, is situated.

**10.** This Court is authorized to grant plaintiffs' prayer for relief regarding costs, including a reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

/ / /

/ / /

–3–

COMPLAINT; DEMAND FOR TRIAL BY JURY

# PRELIMINARY STATEMENT

**11.**    Plaintiffs have been involved in animal rescue and care for over thirty (30) years and have devoted most of their lives and money to saving animals - - notably dogs - - which had been slated for Death at government-run animal "shelters" following expiration of the time for adopting-out such dogs to the Public (or rescue groups)(i.e., usually 96-hours on average).  Typically, the make-up of such dogs slated for Death at government-run animal "shelters" are dogs that are unwanted and practically impossible to adopt-out because they are either too old or are permanently injured, crippled, disfigured, or ill-tempered as a result of disease, ailments, skin infections, accidents or mistreatment by their former owners (e.g., abuse, neglect, fighting, torture, etc.).  This, when combined with the increased cost of veterinary care for such dogs having these special needs, not only is daunting to prospective adopters but strains already limited tax-payer budgets that government-run animal "shelters" have to work with in terms of day-to-day operations.

**12.**    Sadly, the costs associated with euthanizing dogs at government-run animal "shelters" ends-up being less than the cost associated with the care of such dogs until they die naturally - especially when there are rendering plants willing to pay the government for each "dead" dog carcass.

**13.**    Overall, such dogs number in the millions in United States and, again, end-up being tragically euthanized at tax-payer expense in government-run animal "shelters" so as to make room for the continuum of dogs that unfortunately stream their way into city or county pounds.

**14.**    At the opposite extreme, however, there are organizations and individuals such as the plaintiffs who spend all of their time and money ensuring that the aforementioned dogs "live" out the rest of their lives with solitude and without the fear of Death until such time plaintiffs find them new homes.  Overall, plaintiffs, in an attempt to stem the awful killing of such dogs at government-run animal "shelters", provide a "NO KILL" sanctuary for all dogs that are either rescued from government-run animal

COMPLAINT; DEMAND FOR TRIAL BY JURY

"shelters" or in transition from old homes to new homes, found, abandoned, or lost. Over the years, plaintiffs have successfully cared for thousands upon thousands of such dogs, adopting many to loving homes while at the same time saving taxpayers immeasurable tax-dollars, all in the hope that one day in the near future, all government-run animal "shelters" will become "NO KILL" shelters emphasizing the finding of homes for these companion animals as opposed to Death by euthanasia.

## THE PARTIES

**PLAINTIFFS:**

15.     Plaintiff Brandy Foundation Animal Sanctuary ("BFAS"), by and through Cynthia Lee Bemis ("BEMIS"), acting on her own behalf and on behalf of others supportive of the organization, is a corporation organized and existing under the laws of the State of California.  Founded in 2004 by BEMIS, BFAS works throughout the State of California to save the lives and to improve the welfare of companion animals - - primarily dogs - - that would otherwise be euthanized once finding their way into government-run animal "shelters".  At all times relevant herein, BFAS, together with BEMIS,TRAPANI, and RHOADS, have (and continued to have), all right, title, and/or interest in private property comprised of dogs seized and/or destroyed by defendants.

16.     Plaintiff BEMIS is and was, at all times relevant herein, a resident of Los Angeles County and Kern County, State of California.  BEMIS is fifty-nine (59) years-old, disabled and assists BFAS, TRAPANI, and RHOADS in caring for the dogs and in finding them loving homes.

17.     Plaintiff Cynthia Valarie Trapani ("TRAPANI") is and was, at all times relevant herein, a resident of Los Angeles County, State of California.  TRAPANI is forty-five (45) years-old, disabled and assists BFAS, BEMIS, and RHOADS in caring for the dogs and in finding them loving homes.

18.     Plaintiff Vince Dean Rhoads ("RHOADS") is and was, at all times relevant herein, a residence of the counties of Kern, Los Angeles, and San Bernardino, State of

/ / /

–5–
COMPLAINT; DEMAND FOR TRIAL BY JURY

California.  RHOADS is fifty-two (52) years-old, disabled and assists BFAS, BEMIS, and TRAPANI in caring for the dogs and in finding them loving homes.

**DEFENDANTS: San Bernardino County ("SBC")**

19.     Defendant County of San Bernardino ("SBC") is a political subdivision of the State of California duly organized and existing under the laws of the State of California subject to suit per Federal Rule of Civil Procedure 17(b).  SBAC and SBSD are agencies of SBC, and all actions of SBAC and SBCD are the legal responsibility of SBC.  SBC is sued both in its own right, and on the basis of *respondeat superior* under California *Government Code* § 815.2, and mandatory duties under California *Government Code* § 815.6.

20.     Defendant San Bernardino County Department of Public Health-Animal Care & Control ("SBAC") is an administrative body and agent of SBC and public entity under California law subject to suit per Federal Rule of Civil Procedure 17(b).  Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, the mission of SBAC is to prevent rabies in humans and pets, to educate the public about responsible pet ownership, including the importance of spaying and neutering, to protect and serve the public and pets by enforcing all laws and ordinances pertaining to the SBAC, to care for all animals domestic and wild, to reunite lost pets with their owners, to place unwanted pets into new homes, and to maintain a high quality of service.  SBAC is sued both in its own right, and on the basis of *respondeat superior* under California *Government Code* § 815.2, and mandatory duties under California *Government Code* § 815.6.

21.     Defendant Brian Cronin ("CRONIN") was and is employed by SBC as Program Director of SBAC.  Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, CRONIN was responsible for the administrative management of SBAC and for ensuring that all personnel, employees, and/or agents of SBAC operated and complied with all relevant and applicable federal, state, and local laws, and policies.  Additionally, plaintiffs are informed and believe, and thereupon

COMPLAINT; DEMAND FOR TRIAL BY JURY

allege, that at all times relevant herein, CRONIN was responsible for developing, establishing, implementing, maintaining, sanctioning, and/or condoning policies, procedures, regulations, customs, and/or practices to ensure that his subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, animal control officers, veterinarians, and technicians of SBAC, operate and comply with all relevant and applicable federal, state, and local laws, and policies. Plaintiffs further allege, upon information and belief, that at all times relevant, CRONIN failed to: **(a)** adequately train, supervise, and/or monitor his subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, animal control officers, veterinarians, and technicians of SBAC, in ensuring that they operated and complied with all relevant and applicable federal, state, and local laws, and policies; and/or **(b)** promulgate adequate policies, procedures, regulations, customs, and/or practices to prevent the unlawful acts complained of herein. Moreover, upon information and belief, plaintiffs further allege that, at all times relevant herein, CRONIN authorized, acquiesced, participated in, approved, and/or ratified the unlawful acts complained of herein.

22. Defendant John Papp ("PAPP") was and is employed by SBC as a Supervising Animal Control Officer ("ACO") II for SBAC.

23. Defendant Douglas Smith ("SMITH") was and is employed by SBC as an ACO-Health Inspector for SBAC.

24. Defendant San Bernardino County Sheriff-Coroner's Department ("SBSD") is an agency of SBC, and is a public entity under California law subject to suit per Federal Rule of Civil Procedure 17(b). SBSD is sued both in its own right, and on the basis of *respondeat superior* under California *Government Code* § 815.2, and mandatory duties under California *Government Code* § 815.6.

25. Defendant San Bernardino County Sheriff-Coroner Gary Penrod ("PENROD") was and is the Sheriff-Coroner of SBSD. Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, PENROD was

–7–
COMPLAINT; DEMAND FOR TRIAL BY JURY

responsible for the administrative management of SBSD and for ensuring that all personnel, employees, and/or agents of SBSD operated and complied with all relevant and applicable federal, state, and local laws, and policies.  Additionally, plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, PENROD was responsible for developing, establishing, implementing, maintaining, sanctioning, and/or condoning policies, procedures, regulations, customs, and/or practices to ensure that his subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, deputy county sheriffs of SBSD, operated and complied with all relevant and applicable federal, state, and local laws, and policies.  Plaintiffs further allege, upon information and belief, that at all times relevant, PENROD failed to: **(a)** adequately train, supervise, and/or monitor his subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, deputy county sheriffs of SBSD, in ensuring that they operated and complied with all relevant and applicable federal, state, and local laws, and policies; and/or **(b)** promulgate adequate policies, procedures, regulations, customs, and/or practices to prevent the unlawful acts complained of herein.  Moreover, upon information and belief, plaintiffs further allege that, at all times relevant herein, PENROD authorized, acquiesced, participated in, approved, and/or ratified the unlawful acts complained of herein.

26.   Defendant Robert J. Woodrum ("WOODRUM") was and is employed by SBC as a deputy county sheriff for SBSD.

**DEFENDANTS: Los Angeles County ("LAC")**

27.   Defendant County of Los Angeles ("LAC") is a political subdivision of the State of California duly organized and existing under the laws of the State of California subject to suit per Federal Rule of Civil Procedure 17(b).  DACC and LASD are agencies of LAC, and all actions of DACC and LASD are the legal responsibility of LAC.  LAC is sued both in its own right, and on the basis of *respondeat superior* under

/ / /

–8–
COMPLAINT; DEMAND FOR TRIAL BY JURY

California *Government Code* § 815.2, and mandatory duties under California *Government Code* § 815.6.

28.     Defendant Los Angeles County Department of Animal Care & Control ("DACC") is an administrative body and agency of LAC, and is a public entity under California law subject to suit per Federal Rule of Civil Procedure 17(b).  Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, DACC was and is the largest animal regulation agency in the United States, operating six (6) animal care and control centers.  These shelters provide 24-hour, seven-day-a-week animal services to 51 cities in Los Angeles and Ventura counties.  DACC's service area covers more than 3,200 square miles and serves more than 3.5 million residents.  DACC's basic mission is to regulate, license and provide public safety and humane control of domestic animals throughout Los Angeles County and the cities with which it contracts.  DACC has a fleet of approximately seventy (70) animal control field units that travel more than 1-million miles yearly to perform its public safety and service mission throughout several cities comprised of Agoura, Baldwin Park, Carson, Castiac, Downey, and Lancaster.  DACC is sued both in its own right, and on the basis of *respondeat superior* under California *Government Code* § 815.2, and mandatory duties under California *Government Code* § 815.6.

29.     Defendant Marcia Mayeda ("MAYEDA") was and is employed by LAC as Director of DACC.  Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, MAYEDA was responsible for the administrative management of DACC and for ensuring that all personnel, employees, and/or agents of DACC operated and complied with all relevant and applicable federal, state, and local laws, and policies.  Additionally, plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, DACC was responsible for developing, establishing, implementing, maintaining, sanctioning, and/or condoning policies, procedures, regulations, customs, and/or practices to ensure that her subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without

COMPLAINT; DEMAND FOR TRIAL BY JURY

limitation, animal control officers, veterinarians, and technicians of DACC, operated and complied with all relevant and applicable federal, state, and local laws, and policies. Plaintiffs further allege, upon information and belief, that at all times relevant, MAYEDA failed to: **(a)** adequately train, supervise, and/or monitor her subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, animal control officers, veterinarians, and technicians of DACC, in ensuring that they operated and complied with all relevant and applicable federal, state, and local laws, and policies; and/or **(b)** promulgate adequate policies, procedures, regulations, customs, and/or practices to prevent the unlawful acts complained of herein.  Moreover, upon information and belief, plaintiffs further allege that, at all times relevant herein, MAYEDA authorized, acquiesced, participated in, approved, and/or ratified the unlawful acts complained of herein.

**30.** Defendant Christine Franco ("FRANCO") was and is employed by LAC as an ACO-Supervisor and/or Staff Development Specialist of DACC's Major Case Unit.

**31.** Defendant Sheri Koenig ("KOENIG") was and is employed by LAC as an ACO-Manager and/or Supervisor and Lieutenant of DACC's Major Case Unit.

**32.** Defendant Alonzo Real ("REAL") was and is employed by LAC as an ACO-Sergeant of DACC's Major Case Unit.

**33.** Defendant Carmen a/k/a Maria Garcia ("GARCIA") was and is employed by LAC as an ACO-II of DACC.

**34.** Defendant Danny Ubario ("UBARIO") was and is employed by LAC as an ACO of DACC.

**35.** Defendant Patricia Cunningham ("CUNNINGHAM") was and is an employed by LAC as an ACO of DACC.

**36.** Defendant Josie Zabala, DVM ("ZABALA") was and is an employed by LAC as a veterinarian of DACC.

**37.** Defendant Los Angeles County Sheriff's Department ("LASD") is an agency of LAC, and is a public entity under California law subject to suit per Federal

–10–

Rule of Civil Procedure 17(b).  LASD is sued both in its own right, and on the basis of *respondeat superior* under California *Government Code* § 815.2, and mandatory duties under California *Government Code* § 815.6.

38.     Defendant Los Angeles County Sheriff Lee Baca ("BACA") was and is the Sheriff of LASD.  Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, BACA was responsible for the administrative management of LASD and for ensuring that all personnel, employees, and/or agents of BACA operated and complied with all relevant and applicable federal, state, and local laws, and policies.  Additionally, plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, BACA was responsible for developing, establishing, implementing, maintaining, sanctioning, and/or condoning policies, procedures, regulations, customs, and/or practices to ensure that his subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, deputy county sheriffs of LASD, operated and complied with all relevant and applicable federal, state, and local laws, and policies.  Plaintiffs further allege, upon information and belief, that at all times relevant, BACA failed to: **(a)** adequately train, supervise, and/or monitor his subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, deputy county sheriffs of LASD, in ensuring that they operated and complied with all relevant and applicable federal, state, and local laws, and policies; and/or **(b)** promulgate adequate policies, procedures, regulations, customs, and/or practices to prevent the unlawful acts complained of herein.  Moreover, upon information and belief, plaintiffs further allege that, at all times relevant herein, BACA authorized, acquiesced, participated in, approved, and/or ratified the unlawful acts complained of herein.

39.     Plaintiffs are informed and believes, and thereupon alleges, that at all times relevant hereto, Shanderin Kennels ("SK") was and is a business entity of unknown organization, with its principal place of business located in Los Angeles County, State of California.  Upon information and belief, plaintiffs allege that SK failed

–11–
COMPLAINT; DEMAND FOR TRIAL BY JURY

adequately to train, supervise and monitor its employees, or to promulgate adequate policies and regulations to prevent the unlawful acts complained of herein.  SK is sued both in its own right, and on the basis of *respondeat superior.*

40.     Plaintiffs are informed and believes, and thereupon alleges, that at all times relevant hereto, Hurstland Kennels ("HK") was and is a business entity of unknown organization, with its principal place of business located in Los Angeles County, State of California.  Upon information and belief, plaintiffs allege that HK failed adequately to train, supervise and monitor its employees, or to promulgate adequate policies and regulations to prevent the unlawful acts complained of herein.  HK is sued both in its own right, and on the basis of *respondeat superior.*

41.     Defendant Samir Sargious, DVM ("SARGIOUS") was and is self-employed and/or employed by SK and/or HK as a veterinarian.

42.     Defendant Debi McGregor ("McGREGOR") was and is employed by SK, HK, and/or SARGIOUS as a kennel manager.

43.     Defendant Mary Ann Gonzalez ("GONZALEZ") was and is employed by SK, HK, and/or SARGIOUS as a kennel attendant.

44.     Defendant Rico Aceves ("ACEVES") was and is employed by SK, HK, and/or SARGIOUS, as a kennel attendant.

**DEFENDANTS: Kern County ("KC")**

45.     Defendant County of Kern ("KC") is a political subdivision of the State of California duly organized and existing under the laws of the State of California subject to suit per Federal Rule of Civil Procedure 17(b).  KCRMA, KCAC, and KCSO are agencies of KC, and all actions of KCRMA, KCAC, and KCSO are the legal responsibility of KC.  KC is sued both in its own right, and on the basis of *respondeat superior* under California *Government Code* § 815.2, and mandatory duties under California *Government Code* § 815.6.

46.     Defendant Kern County Resource Management Agency ("KCRMA") is an administrative body and agency of KC, and is a public entity under California law

–12–

COMPLAINT; DEMAND FOR TRIAL BY JURY

subject to suit per Federal Rule of Civil Procedure 17(b).  Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, KCRMA was responsible for the administrative management of KCAC and for ensuring that KCAC, to include, without limitation, its subordinate officials, and employees, operate and comply with all relevant and applicable federal, state, and local laws, and policies.  Upon information and belief, plaintiffs further allege that, at all times relevant herein, KCRMA participated in, approved, and/or ratified the unconstitutional or illegal acts complained of herein. KCRMA is sued both in its own right, and on the basis of *respondeat superior* under California *Government Code* § 815.2, and mandatory duties under California *Government Code* § 815.6.

47.     Defendant David Price III ("PRICE") was and is employed by defendant KC as Director of KCRMA.  Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, PRICE was responsible for the administrative management of KCRMA and for ensuring that all personnel, employees, and/or agents of KCRMA, to include, without limitation, all personnel, employees, and/or agents of subordinate departments and/or divisions (e.g., KCAC), operated and complied with all relevant and applicable federal, state, and local laws, and policies.  Additionally, plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, PRICE was responsible for developing, establishing, implementing, maintaining, sanctioning, and/or condoning policies, procedures, regulations, customs, and/or practices to ensure that his subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, animal control officers, veterinarians, and technicians of KCAC, operate and comply with all relevant and applicable federal, state, and local laws, and policies.  Plaintiffs further allege, upon information and belief, that at all times relevant, PRICE failed to: **(a)** adequately train, supervise, and/or monitor his subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, animal control officers, veterinarians, and technicians of KCAC, in

ensuring that they operated and complied with all relevant and applicable federal, state, and local laws, and policies; and/or **(b)** promulgate adequate policies, procedures, regulations, customs, and/or practices to prevent the unlawful acts complained of herein. Moreover, upon information and belief, plaintiffs further allege that, at all times relevant herein, PRICE authorized, acquiesced, participated in, approved, and/or ratified the unlawful acts complained of herein.

48. Defendant Kern County Animal Control Services Department ("KCAC") is a department of KCRMA and is an administrative body and agency of KC, as well as a public entity under California law subject to suit per Federal Rule of Civil Procedure 17(b). Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, that primarily functions to ensure public protection from dangerous animals and from diseases that can be transmitted from animals to humans. The primary activity of KCAC is the Rabies Control Program which includes require-ments for the licensing of dogs, rabies vaccination for dogs, animal bite reporting, animal quarantine, stray animal control, and a shelter system. Other services provided to the public by KCAC include low-cost vaccination clinics; investigation of animal cruelty; dead animal removal and disposal; promotion of spaying and neutering; and public education. KCAC is sued both in its own right, and on the basis of *respondeat superior* under California *Government Code* § 815.2, and mandatory duties under California *Government Code* § 815.6.

49. Defendant Denise Haynes ("HAYNES") was and is employed by KC as Chief of KCAC. Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, HAYNES was responsible for the administrative management of KCAC and for ensuring that all personnel, employees, and/or agents of KCAC operated and complied with all relevant and applicable federal, state, and local laws, and policies. Additionally, plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, HAYNES was responsible for developing, establishing, implementing, maintaining, sanctioning, and/or condoning policies, procedures, regulations, customs,

COMPLAINT; DEMAND FOR TRIAL BY JURY

and/or practices to ensure that her subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, animal control officers, veterinarians, and technicians of KCAC, operate and comply with all relevant and applicable federal, state, and local laws, and policies. Plaintiffs further allege, upon information and belief, that at all times relevant, HAYNES failed to: **(a)** adequately train, supervise, and/or monitor his subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, animal control officers, veterinarians, and technicians of KCAC, in ensuring that they operated and complied with all relevant and applicable federal, state, and local laws, and policies; and/or **(b)** promulgate adequate policies, procedures, regulations, customs, and/or practices to prevent the unlawful acts complained of herein.  Moreover, upon information and belief, plaintiffs further allege that, at all times relevant herein, HAYNES authorized, acquiesced, participated in, approved, and/or ratified the unlawful acts complained of herein.

50.    Defendant Steve G. Eirich a/k/a Steve Eirch a/k/a Steven G. Eirich, Jr. ("EIRICH") was and is employed by KC as a Senior ACO of KCAC.

51.    Defendant Julie Rayne Dunlap-Suggs ("DUNLAP") was and is employed by KC as an ACO of KCAC.

52.    Defendant Daniel Burgess ("BURGESS") was and is employed by KC as an ACO of KCAC.

53.    Defendant Jennifer L. McDougle, DVM ("McDOUGLE") was and is employed by KC as a veterinarian of KCAC.

54.    Defendant Elise Martin, DVM ("MARTIN") was and is employed by KC as a veterinarian of KCAC.

55.    Defendant Kern County Sheriff's Office ("KCSO") is an agency of KC, and is a public entity under California law subject to suit per Federal Rule of Civil Procedure 17(b).  KCSO is sued both in its own right, and on the basis of *respondeat superior* ///

COMPLAINT; DEMAND FOR TRIAL BY JURY

under California *Government Code* § 815.2, and mandatory duties under California *Government Code* § 815.6.

56. Defendant Donny Youngblood ("YOUNGBLOOD") was and is the Sheriff of KCSO. Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, YOUNGBLOOD was responsible for the administrative management of KCSO and for ensuring that all personnel, employees, and/or agents of YOUNGBLOOD operated and complied with all relevant and applicable federal, state, and local laws, and policies. Additionally, plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, YOUNGBLOOD was responsible for developing, establishing, implementing, maintaining, sanctioning, and/or condoning policies, procedures, regulations, customs, and/or practices to ensure that his subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, deputy county sheriffs of KCSO, operated and complied with all relevant and applicable federal, state, and local laws, and policies. Plaintiffs further allege, upon information and belief, that at all times relevant, YOUNGBLOOD failed to: **(a)** adequately train, supervise, and/or monitor his subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, as well as those, to include without limitation, deputy county sheriffs of KCSO, in ensuring that they operated and complied with all relevant and applicable federal, state, and local laws, and policies; and/or **(b)** promulgate adequate policies, procedures, regulations, customs, and/or practices to prevent the unlawful acts complained of herein. Moreover, upon information and belief, plaintiffs further allege that, at all times relevant herein, YOUNGBLOOD authorized, acquiesced, participated in, approved, and/or ratified the unlawful acts complained of herein.

57. Defendant J. Carpenter ("CARPENTER") was and is employed by KC as a deputy county sheriff for KCSO.

58. Defendant Gagnon ("GAGNON") was and is employed by KC as a deputy county sheriff for KCSO.

**59.**   Defendant Melissa T. Krevitz a/k/a Melissa Mason ("KREVITZ") was and is an individual residing in San Diego County, State of California.

**60.**   Defendant Julie Ann Cruph a/k/a Julie Cruph ("CRUPH") was and is an individual residing in San Diego County, State of California.

**61.**   Each of the defendants, and those unknown sued as DOES 1 through 200, are sued individually and in their official capacities, and have individually and in concert with the others, acted under pretense and color of law and their official capacity, but such acts were beyond the scope of their jurisdiction and without authorization of law.  Each defendant, and those unknown sued as DOES 1 through 200, individually and in concert with the others, acted willfully, knowingly, and with specific intent to deprive plaintiffs of their right to freedom from illegal searches and seizures of his or her person, property, papers, and effects, and of his or her right to freedom unlawful arrest, detention, and imprisonment, all of which are rights secured to plaintiffs by the Fourth, Fifth, Sixth, and/or Fourteenth Amendments to the Constitution of the Unites States, and by Title 42 U.S.C. §§ 1983 and 1988.

**62.**   Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 200, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and, thereon alleges, that each of these fictitiously named defendants is (are) responsible in some manner for the occurrences herein alleged, and that injuries as herein alleged by plaintiffs were proximately caused by the aforementioned defendants.

## ALLEGATIONS COMMON TO ALL COUNTS

**63.**   On or about March 2006, plaintiffs were in lawful possession of private property comprised of several hundred dogs, located in three (3) counties (i.e., San Bernardino, Los Angeles, and Kern), with the majority of said dogs located in Los Angeles County, as part of their animal sanctuary and adoption operation.

/ / /

**64.** On or about April 7, 2006, defendants knowingly, willfully and intentionally aided, abetted and entered into a conspiracy to violate plaintiffs' constitutional rights and shut down the animal sanctuary and adoption operation of plaintiffs by seizing their dogs either without a warrant or with a warrant that was illegally obtained, served, and executed, under the guise that plaintiffs subjected said dogs to neglect and abuse in violation of California *Penal Code* §§ 597, *et seq.* and/or 597.1, *et seq.*

**65.** At all times relevant, defendants SBAC, CRONIN, PAPP, SMITH, TOLLIVER, COLLIER, DACC, MAYEDA, FRANCO, KOENIG, GARCIA, REAL, UBARIO, CUNNINGHAM, ZABALA, SK, HK, SARGIOUS, McGREGOR, GONZALEZ, ACEVES, KCRMA, PRICE, KCAC, HAYNES, EIRICH, DUNLAP, BURGESS, McDOUGLE, ELISE, KCSO, YOUNGBLOOD, CARPENTER, GAGNON, KREVITZ, and CRUPH, and each of them, knowingly and willfully conspired and agreed among themselves to commit the acts herein alleged as a conspiracy and did so in furtherance of their agreement to perform acts herein alleged.

**66.** Since March 2006 through to the present, as part of an ongoing conspiracy, defendants KCAC, DACC, and SBAC, illegally searched, seized, and/or destroyed private property of plaintiffs comprised of their dogs through their participation of illegal searches and seizures of locations where plaintiffs had said dogs.

**67.** In doing the things herein alleged, defendants and each of them acted willfully and the acts of each of the defendants were in violation of the laws of the United States and the State of California and constitute malice, oppression, and fraud, in that defendants intended to cause injury to plaintiffs, thus entitling plaintiffs to punitive damages under 42 U.S.C. § 1983, and California *Code of Civil Procedure* § § 3333 and 3394.

**68.** Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned, each of the defendants were the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

**69.** Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned, each of the defendants named herein acted under color of authority of the State of California, SBC, LAC, KC, including those persons not directly employed by SBC, LAC, and KC.

**70.** The actions of defendants, and each of them, are in violation of California *Code of Civil Procedure* § 1029 and entitle plaintiffs to costs.

**71.** The actions of defendants herein in depriving plaintiffs of their constitutionally protected rights were done with evil motive or intent, or with reckless or callous indifference to plaintiffs' rights.

**72.** Plaintiffs are informed and believe and thereupon allege that defendants will continue in their unlawful conduct, unless and until restrained by this Court.

**73.** Plaintiffs have suffered injuries to include physical intrusion, humiliation, unnecessary pain and suffering, severe emotional distress, and physical and emotional injuries as well as economic loss associated with their animal sanctuary and adoption operation because of defendants' conduct, in an amount to be proven at trial.

**74.** Plaintiffs have since the start of the conspiracy in March 2006, been subjected to a continuing violation of their civil rights and constitutional rights starting when the first group of their dogs were unlawfully seized without warrant on April 7, 2006 by defendant SBAC which, thereafter, resulted in subsequent unlawful searches and seizures conducted by defendant DACC at SK and HK on April 16, 2006, and thereafter on by KCAC on May 3, 2007 and February 27, 2008. Following all unlawful searches and seizures, criminal charges were filed against plaintiffs and are on going. This continuous prosecution of plaintiffs based on the illegal searches and seizures tolled any applicable statute of limitations.

**75.** Needless to say, the nearly two (2) years of illegal searches and seizures and subsequent retention of plaintiffs' private property comprised of dogs (none of which have ever been returned), and prosecutions thereafter, has caused plaintiffs

///

substantial injuries and damages with criminal charges filed and plaintiffs arrested, imprisoned, and subjected to denial of their constitutional rights as follows:

**SAN BERNARDINO COUNTY EVENTS:**

76.     On or about March 9, 2006, a purported anonymous unknown source complained to defendant SBAC about dogs located at 4638-4648 Homer, El Mirage, California (the "El Mirage Property"). At all relevant times herein, plaintiffs had not only full right, title, and/or interest in possession of said dogs, but also maintained all right, title, and/or interests in the El Mirage Property. Thereafter, between March 9, 2006 through to April 6, 2006, defendants PAPP, SMITH, TOLLIVER, and/or COLLIER of SBAC gained unlawful access and entry onto and upon the grounds, premises, and structures of the El Mirage Property without a warrant or consent of plaintiffs.

77.     On April 7, 2006, defendants PAPP, SMITH, TOLLIVER, and/or COLLIER of SBAC gained unlawful access and entry onto and upon the grounds, premises, and structures of the El Mirage Property without a warrant or consent of plaintiffs and, without any pre-seizure hearing or notice whatsoever, seized nineteen (19) dogs from plaintiffs purportedly under California *Penal Code* § 597.1 - "to protect the health and safety of [said dogs]", with nine (9) of said dogs seized later killed that same day by SBAC (hereinafter **"Illegal Search & Seizure Policy-SBC"**).

78.     Said unlawful and illegal actions and conduct of defendants PAPP, SMITH, TOLLIVER, and/or COLLIVER between March 9, 2006 and April 7, 2006, are hereinafter collectively referred to as **"Illegal Search & Seizure #1"**.

79.     During said **Illegal Search & Seizure #1** specific to April 7, 2006, plaintiff TRAPANI intervened in effort to prevent seizure of one (1) of the nineteen (19) dogs from the El Mirage Property by PAPP, SMITH, TOLLIVER, and COLLIER of SBAC. However, defendant WOODRUM of SBSD "blasted" her in the face with pepper spray as followed by defendants WOODRUM and SMITH collectively assaulting and battering her person which resulted in her going into convulsions and becoming unconscious - - requiring that she be taken to the hospital by paramedics. Said unlawful and illegal

-20-
COMPLAINT; DEMAND FOR TRIAL BY JURY

actions and conduct of defendants WOODRUM and SMITH as against plaintiff TRAPANI on April 7, 2006, is hereinafter referred to as **"Illegal Assault & Battery #1"**.

80. On or above November 22, 2006, criminal cases alleging violations of California *Penal Code* § § 597, *et seq.*, and/or 597.1, *et seq.* were filed against plaintiffs BEMIS and TRAPANI resulting in their subsequent arrests (the "SB-Case").

81. In each instance where defendants PAPP, SMITH, TOLLIVER, COLLIER, and/or WOODRUM gained unlawful access and entry onto and upon the grounds, premises, and structures of the El Mirage Property, such was done without a warrant and without the consent or permission of plaintiffs or anyone authorized to give any such consent or permission on behalf of plaintiffs. In addition, said access and entry onto and upon the grounds, premises, and structures of the El Mirage Property was made through use of physical force, coercion, intimidation, and threats of violence and/or arrest despite demands to leave.

**LOS ANGELES COUNTY EVENTS:**

82. On or about April 17, 2006, a purported anonymous unknown source complained to defendant DACC about ninety-four (94) dogs located at veterinarian medical facilities-boarding kennels specific to defendants SK and HK. At all relevant times herein, plaintiffs had not only full right, title, and/or interest in possession of said dogs, but also maintained all right, title, and/or interests specific to any and all boarding spaces designated by SK and HK for said ninety-four (94) dogs as placed by plaintiffs with defendants SK, HK, and SARGIOUS for medical care and boarding via a contract.

83. On or about April 17, 2006 and April 18, 2006, defendant GARCIA gained unlawful access and entry onto and upon the grounds, premises, and structures of defendants SK and HK specific to the spaces designated by SK and HK for said ninety-four (94) dogs as placed by plaintiffs with defendants SK, HK, and SARGIOUS for medical care and boarding via a contract. Said unlawful access and entry onto and upon the grounds, premises, and structures of defendants SK and HK specific to plaintiffs' ninety-four (94) dogs was effectuated by defendant GARCIA through an illegal

collusion with defendants SK, HK, SARGIOUS, McGREGOR, GONZALEZ, and/or ACEVES, all without the consent or permission of plaintiffs or anyone authorized to give any such consent or permission on behalf of plaintiffs.

84. Following defendant GARCIA's unlawful access and entry onto and upon the grounds, premises, and structures of defendants SK and HK specific to plaintiffs' ninety-four (94) dogs, defendant GARCIA "applied for", "submitted", and "presented for signature and issuance" on April 18, 2006, a search warrant ("LA-Warrant"), to be "served"and "executed" at defendants SK and HK. Afterwards, defendant GARCIA "served" and "executed" same at defendants SK and HK and, without any pre-seizure hearing or notice whatsoever, seized tangible and intangible personal property and items to include, *inter alia*, plaintiffs' ninety-four (94) dogs. Present during the seizure were defendants KOENIG, REAL, UBARIO, CUNNINGHAM, ZABALA, SARGIOUS, McGREGOR, GONZALEZ, and/or ACEVES.

85. Said unlawful and illegal actions and conduct of defendants GARCIA, KOENIG, REAL, UBARIO, CUNNINGHAM, ZABALA, SARGIOUS, McGREGOR, GONZALEZ, and/or ACEVES, between April 17-18, 2006 is hereinafter collectively referred to as **"Illegal Search & Seizure #2"**.

86. On or about January 10, 2007, criminal cases alleging violations of California *Penal Code* § 597(b) were filed against plaintiffs BEMIS, TRAPANI, and RHOADS (the "LA-Case"), which resulted in their arrest.

87. Specifically, plaintiff RHOADS was arrested on January 18, 2007 by defendant KCSO where he was delivered to LASD who later detained and imprisoned him for over four (4) days with LASD denying him medications required for his disabilities as was made previously known to defendant LASD (hereinafter **"Deprivation of Medications-Rhoads"**). Later, plaintiffs BEMIS and TRAPANI were arrested in February 2007 whereby defendant LASD denied them use of restrooms for several hours before being released (hereinafter **"Deprivation of Use of Facilities"**).

/ / /

-22-
COMPLAINT; DEMAND FOR TRIAL BY JURY

**88.** In each instance where defendants GARCIA, KOENIG, REAL, UBARIO, CUNNINGHAM, and/or ZABALA, gained unlawful access and entry onto and upon the grounds, premises, and structures specific to specific to plaintiffs' ninety-four (94) dogs, such was done without a warrant (and/or without a valid warrant), and without the consent or permission of plaintiffs or anyone authorized to give any such consent or permission on behalf of plaintiffs.

**89.** At all times relevant herein, defendant GARCIA did not have any "peace officer" powers - being merely an "animal control officer" under California law for which defendants MAYEDA was aware and was the policy for search and seizures with respect to suspected animal abuse and neglect (**"Illegal Search & Seizure Policy-LA"**). As such, defendant GARCIA was legally unable to "serve", let alone, "execute", the LA-Warrant since California *Penal Code* § 1523 only allows "peace officers" to do such. Here, the magistrate to whom defendant GARCIA had "applied for" the LA-Warrant, intentionally failed to include this fact in her affidavit for the LA-Warrant and, as a result, mislead the magistrate with an affidavit replete with less than accurate statements constituting a continuing material omission, for which the magistrate would not have found probable cause and for which defendant GARCIA knew or should have known was illegal for her to have presented for purposes of "serving", let alone, "executing" the LA-Warrant in violation of California law and plaintiffs' substantive due process rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**KERN COUNTY EVENTS:**

**90.** On or about March 2006, a purported anonymous unknown source complained to defendant KCAC about dogs located at 1637 East Trotter, Mojave, California (the "Trotter Property"). At all relevant times herein, plaintiffs had not only full right, title, and/or interest in possession of said dogs, but also maintained all right, title, and/or interests in the Trotter Property. Thereafter, between March 2006 through to April 30, 2007, HAYNES, EIRICH, DUNLAP, and BURGESS, gained unlawful access and entry onto and upon the grounds, premises, and structures of the Trotter Property.

–23–
COMPLAINT; DEMAND FOR TRIAL BY JURY

Said unlawful access and entry onto and upon the grounds, premises, and structures of the Trotter Property was done by defendants EIRICH, DUNLAP, and BURGESS of KCAC, as well as by defendants KREVITZ and CRUPH, at various times and dates.

91.    Following the unlawful access and entry onto and upon the grounds, premises, and structures of the Trotter Property by defendants HAYNES, EIRICH, DUNLAP, and BURGESS, defendant DUNLAP "applied for", "submitted", and "presented for signature and issuance" on April 30, 2007, a search warrant ("KC-Warrant"), to be "served" and "executed" at the Trotter Property.  Afterwards, on May 3, 2007, defendant DUNLAP "served" and "executed" the KC-Warrant at the Trotter Property and, thereafter, without any pre-seizure hearing or notice whatsoever, seized tangible and intangible personal property and items to include, *inter alia,* five (5) dogs, that plaintiffs were in lawful possession at the Trotter Property - with KCAC immediately killing one (1) of the five (5) dogs seized in front of plaintiffs.  Present during the seizure, were defendants HAYNES, EIRICH, BURGESS, McDOUGAL, and/or MARTIN.

92.    Said unlawful and illegal actions and conduct of defendants HAYNES, EIRICH, DUNLAP, BURGESS, McDOUGAL, and/or MARTIN between March 2006 and May 3, 2007 is hereinafter collectively referred to as "**Illegal Search & Seizure #3**".

93.    Later, criminal cases alleging violations of California *Penal Code* § 597(b) were filed against plaintiffs BEMIS and TRAPANI (hereinafter collectively referred to as the "KC-Case"), which resulted in their arrest.

94.    In each instance where defendants HAYNES, EIRICH, DUNLAP, BURGESS, McDOUGAL, and/or MARTIN, gained unlawful access and entry onto and upon the grounds, premises, and structures specific to specific to plaintiffs' dogs, such was done without a warrant (and/or without a valid warrant), and without the consent or permission of plaintiffs or anyone authorized to give any such consent or permission on behalf of plaintiffs.

95.    After the filing of the KC-Case, plaintiff BEMIS was arrested on June 7, 2007 by defendant EIRICH of defendant KCAC who delivered plaintiff BEMIS to

-24-

defendant CARPENTER of KCSO, but not after defendant EIRICH physically assaulted and battered her (hereinafter **"Illegal Assault & Battery #2"**), as she was being placed in a KCSO patrol vehicle.  Later, plaintiff was transported to jail, detained, and imprisoned for over four (4) days with defendant KCSO denying her medications required for her disabilities (hereinafter "**Deprivation of Medications #2**"), as was previously made known to defendant KCSO.

96.    At all times relevant herein, defendant EIRICH did not have any "peace officer" powers whatsoever - being merely an "animal control officer" under California law.  As such, defendant EIRICH unlawfully arrested plaintiff BEMIS.

97.    In each instance where defendants HAYNES, EIRICH, BURGESS, McDOUGAL, and/or MARTIN gained unlawful access and entry onto and upon the grounds, premises, and structures of the Trotter Property, such was done without a warrant (and/or without a valid warrant), and without the consent or permission of plaintiffs or anyone authorized to give any such consent or permission on behalf of plaintiffs.  In addition, said access and entry onto and upon the grounds, premises, and structures of the Trotter Property was made through use of physical force, coercion, intimidation, and threats of arrest despite demands to leave.

98.    At all times relevant herein, defendant DUNLAP did not have any "peace officer" powers - being merely an "animal control officer" under California law for which defendants PRICE and HAYNES were aware and was the policy for search and seizures with respect to suspected animal abuse and neglect ("**Illegal Search & Seizure Policy-KC**").  As such, defendant DUNLAP was legally unable to "serve", let alone, "execute", the KC-Warrant since California *Penal Code* § 1523 only allows "peace officers" to do such.  Here, the magistrate to whom defendant DUNLAP had "applied for" the KC-Warrant, intentionally failed to include this fact in her affidavit for the KC-Warrant and, as a result, mislead the magistrate with an affidavit replete with less than accurate statements constituting a continuing material omission, for which the magistrate would not have found probable cause and for which defendant DUNLAP

–25–
COMPLAINT; DEMAND FOR TRIAL BY JURY

knew or should have known was illegal for her to have presented for purposes of "serving", let alone, "executing" the KC-Warrant in violation of California law and plaintiffs' substantive due process rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

99. Since June 7, 2007 through to the present, KCAC has continued to seize and destroy private property of plaintiffs comprised of their dogs. Moreover, as recent as February 27, 2008, plaintiff TRAPANI was assaulted and battered by defendants EIRICH and DUNLAP as she tried to prevent the taking of her puppy which subsequently resulted in her being severely "tasered" (hereinafter **"Assault & Battery #3"**), by defendant GAGNON of KCSO. Afterwards, plaintiff TRAPANI had to be taken to hospital for her injuries.

**KERN COUNTY EVENTS (Defendants KREVITZ & CRUPH):**

100. On or about March 18, 2007 through April 15, 2007, defendants KREVITZ, in coordination and collusion with defendants PRICE, HAYNES, EIRICH, DUNLAP, BURGESS, McDOUGLE, MARTIN, and/or CRUPH, conspired to take, seize (and did take and seize, and covert to their own use), fifty-four (54) dogs from plaintiffs, with some of said dogs subsequently made part of the KC-Case. Plaintiffs maintained all right, title, and/or interest in said dogs which have never been returned.

**FIRST CAUSE OF ACTION**

**[For Violation of Civil Rights - Fourth, Fifth, Sixth, and/or Fourteenth Amendments by Plaintiffs against Defendants CRONIN, PAPP, SMITH, TOLLIVER, COLLIER, PENROD, WOODRUM, MAYEDA, FRANCO, KOENIG, REAL, GARCIA, UBARIO, CUNNINGHAM, ZABALA, BACA, PRICE, HAYNES, EIRICH, DUNLAP, BURGESS, McDOUGLE, MARTIN, and DOES 1-50, inclusive.]**

101. Plaintiffs realleges paragraphs 1-100 above and hereby incorporates them as though fully set forth herein.

102. Defendants CRONIN, PAPP, SMITH, TOLLIVER, COLLIER, PENROD, WOODRUM, MAYEDA, FRANCO, KOENIG, REAL, GARCIA, UBARIO,

CUNNINGHAM, ZABALA, BACA, PRICE, HAYNES, EIRICH, DUNLAP, BURGESS, McDOUGLE, MARTIN, and DOES 1-50, inclusive, while acting within the course and scope of their authority and under color of law, deliberately, knowingly, intentionally, and/or negligently, subjected plaintiffs to a deprivation of rights and privileges secured to plaintiffs by the Fourth, Fifth, Sixth, and/or Fourteenth Amendments to the Constitution and laws of the United States.

103.   As a direct and proximate cause of the above-mentioned unconstitutional acts of defendants constituting **Illegal Search & Seizure(s) #1 through #3**, private property of plaintiffs comprised of, *inter alia*, dogs, was seized, taken, spoiled, damaged, and/or destroyed and which was used to bring about unwarranted prosecutions and arrests of plaintiffs BEMIS, TRAPANI, and/or RHOADS, causing each of them to be denied substantive due process of law while subjecting them to punishment, all causing economic injuries and financial damages to be proven at trial.

104.   As a direct and proximate cause of the above-mentioned unconstitutional acts of defendants constituting **Assault(s) & Battery(ies) #1 through #3** (as to plaintiffs TRAPANI and BEMIS, respectively), **Deprivation of Medication(s) #1 and #2** (as to plaintiff BEMIS and RHOADS, respectively), and **Deprivation of Use of Facilities** (as to plaintiffs BEMIS and TRAPANI), plaintiffs each have sustained severe physical injury, causing each of them great pain of body and anguish of mind; incurred medical and other expenses; and was prevented from transacting their usual business associated with the BFAS in an amount to be proven at trial.

105.   Therefore, defendants, and each of them, are liable for violation of plaintiffs' civil rights under 42 U.S.C. § 1983.

106.   As a further cause of the acts and conduct of defendants, and each of them, as alleged herein, plaintiffs have been forced to incur and will continue to incur expenses, all in a sum to be proven at time of trial.

/ / /

/ / /

## SECOND CAUSE OF ACTION

### [For Violation of Civil Rights - Monell By Plaintiffs against Defendants SBC, SBAC, SBSD, LAC, DACC, LASD, KC, KCRMA, KCAC, & KCSO, and DOES 50-75, inclusive.]

**107.**   Plaintiffs realleges paragraphs 1-100 and 102-106 above and hereby incorporates them as though fully set forth herein.

**108.**   Defendants SBC, SBAC, SBSD, LAC, DACC, LASD, KC, KCRMA, KCAC, KCSO, and DOES 50-75, inclusive, knowingly, with gross negligence and in deliberate indifference to the Constitutional rights of citizens, maintain permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter.

**109**   These policies and customs include, but are not limited to, the deliberately indifference training of subordinates, supervisory or non-supervisory officers, personnel, employees, and/or agents, to include, without limitation, animal control officers, in the securing, serving, and executing search warrants, making arrests, detention, use of force, and destruction of private property.  Further, defendants' conduct in ratifying the actions [**i.e., Illegal Search & Seizure(s) #1-#3; Illegal Search & Seizure Policy(ies) for SBC, LA, & KC, Illegal Assault(s) & Battery(ies) #1-#3; Deprivation of Medications #1 and #2; and Deprivation of Facilities**], establish a policy and practice of violating Constitutional rights.

**110.**   Plaintiffs are informed and believe, and thereon alleges, that the customs and policies were the moving force behind the violations of plaintiffs' rights.  Based on thr principles set forth in *Monell v. New York City Dept. Of Social Services*, defendants SBC, SBAC, SBSD, LAC, DACC, LASD, KC, KCRMA, KCAC, KCSO, and DOES 50-75, inclusive, are liable for all injuries sustained by plaintiffs as set forth above.

/ / /

/ / /

/ / /

–28–
COMPLAINT; DEMAND FOR TRIAL BY JURY

**THIRD CAUSE OF ACTION**

**[For Conspiracy to Violate Civil Rights In Violation of 42 U.S.C. §§ 1983 - 1985**

**By Plaintiffs against Defendants SBC, SBAC, CRONIN, SBSD, PENROD, LAC,**

**DACC, SK, HK, SARGIOUS, KC, KCRMA, PRICE, KCAC, KCSO,**

**HAYNES& YOUNGBLOOD, and DOES 75-100, inclusive.]**

111.   Plaintiffs realleges paragraphs 1-100, 102-106, and 108-110 above and hereby incorporates them as though fully set forth herein.

112.   Defendants CRONIN, PAPP, SMITH, TOLLIVER, COLLIER, WOODRUM, MAYEDA, FRANCO, KOENIG, REAL, GARCIA, UBARIO, CUNNINGHAM, ZABALA,, PRICE, HAYNES, EIRICH, DUNLAP, BURGESS, McDOUGLE, ELISE, CARPENTER, SARGIOUS, McGREGOR, KREVITZ, CRUPH, and DOES 75-100, inclusive, entered into a civil conspiracy and agreement to violate the civil rights of plaintiffs by actions and conduct constituting **Illegal Search & Seizure(s) #1 - #3; Illegal Search & Seizure Policy(ies) for SBC, LA, & KC, Illegal Assault(s) & Battery(ies) #1 - #3; Deprivation of Medications #1 - #2; and Deprivation of Facilities**, in violation of 42 U.S.C. §1985.

113.   Defendants SBC, SBAC, CRONIN, SBSO, PENROD, LAC, DACC, MAYEDA, SK, HK, SARGIOUS, KC, KCRMA, PRICE, KCAC, HAYNES, KCSO, YOUNGBLOOD, and DOES 75-100, inclusive, are legally responsible for, and indeed proximately and legally caused, the damages alleged herein for the reasons alleged above and incorporated by reference.

**FOURTH CAUSE OF ACTION**

**[For Violation of Mandatory Duties - By Plaintiffs against All Defendants.]**

114.   Plaintiffs realleges paragraphs 1 through 100 above and hereby incorporates them as though fully set forth herein.

115.   The unnecessary, demeaning, and outrageous actions and conduct as constituting **Illegal Search & Seizure(s) #1 - #3; Illegal Search & Seizure Policy(ies) for SBC, LA, & KC, Illegal Assault(s) & Battery(ies) #1 - #3; Deprivation of Medications #1 - #2; and Deprivation of Facilities,** deprived plaintiffs of the

protections of federal constitutional and state constitutional and statutory law, including, but not limited to, rights protected under the Fourth, Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution; and Article I, §§ 1, 7, 13, and 17, of the California Constitution.  Therefore, plaintiffs are entitled to bring suit and recover damages pursuant to California *Civil Code* § 52.1 (b).

116.   As a proximate cause of the aforementioned acts, plaintiffs were damaged in amounts to be proven at trial but in no event not less than $4000 per violation pursuant to the provisions of California *Civil Code* § 52.1(b).

## FIFTH CAUSE OF ACTION

**[For Violation of Cal. *Civil Code* § 52.1 - By Plaintiffs against All Defendants.]**

117.   Plaintiffs realleges paragraphs 1 through 100 above and hereby incorporates them as though fully set forth herein.

118.   The Fourth and Fourteenth Amendments to the United States Constitution; Article I, §§ 1, 7, and 17, of the California Constitution; and California *Civil Code* § 52.1 are enactments.  Enactments form the basis of a mandatory duty under *Government Code* § 815.6.

119.   These constitutional provisions and statutes apply to all members of the general public, including plaintiffs, and were designed to prevent the injuries alleged herein.

120.   Defendants did not exercise reasonable diligence in discharging their duty to refrain from violating the constitutional rights of plaintiffs.

121.   As a proximate cause of the aforementioned acts of defendants, plaintiffs were damaged in amounts to be proven at trial.

## SIXTH CAUSE OF ACTION

**[For Civil RICO - By Plaintiffs against All Defendants, and**

**DOES 100-200, inclusive.]**

122.   Plaintiffs realleges paragraphs 1-100, 102-106, 108-110, and 118-120, above and hereby incorporates them as though fully set forth herein.

123. Defendants, and each of them, and DOES 100 through 200, inclusive, have devised and operated a scheme to present false evidence to a court in violation of California *Penal Code* § 134, the end of which is to increase fines and payments to defendants SBC, LAC, and KC, by means of extortion as defined by California *Penal Code* § 138 and punished by California *Penal Code* § 319. The scheme of the defendants, and each of them, is a further violation of the Federal extortion laws in violation of 18 U.S.C. 1951.

124. In addition, defendants routinely transmit documents in furtherance of their scheme, including, but not limited to, documents showing falsely that evidence was obtained by an "unauthorized person" (i.e., **Illegal Search(s) & Seizure(s) #1 - #3; Illegal Search & Seizure Policy(ies) for SBC, LA, & KC**), by use of the United States Postal Service in violation of 18 U.S.C. 1341 and by way of facsimile and internet transmissions using telephone lines in violation of 18 U.S.C. 1343. This scheme is further a violation of the intangible right to the honest services of state and local government officials as prohibited by 18 U.S.C. 1346.

125. Defendants are operating a Racketeer Influence Corrupt Organization in violation of 18 U.S.C. 1961, which is actionable under 18 U.S.C. 1964, entitling plaintiffs to treble damages.

126. Because of the nature of the organization operated by defendants, plaintiffs are entitled to attorney fees and costs.

127. This Court should restrain defendants from continuing to operate such an organization.

### SEVENTH CAUSE OF ACTION

**[For Violation of the Supremacy Clause - By All Plaintiffs**

**Against Defendants SBC, SBAC, LAC, DACC, KC, KCRMA, and KCAC.]**

128. Plaintiffs realleges paragraphs 1-100 above and hereby incorporates them as though fully set forth herein.

/ / /

-31-
COMPLAINT; DEMAND FOR TRIAL BY JURY

**129.**   Under the Constitution, and as a concomitant to national sovereignty, the federal government has exclusive power over animals and activities that are either in interstate or foreign commerce or substantially effect such commerce or the free flow thereof for the purpose of eliminating burdens that such may have upon commerce. Consequently, states lack the power to regulate and enact laws which burden interstate or foreign commerce within their borders.

**130.**   California *Penal Code* § § 597, *et seq.*, and 597.1, *et seq.*, are laws that regulate animals and activities with California.  As such, these laws exceed the state's police power and violates the Supremacy Clause.

**131.**   California *Penal Code* § § 597, *et seq.*, and 597.1, *et seq.*, usurps the federal government's power over animals and activities, and its powers over interstate or foreign commerce.

**132.**   Accordingly, Plaintiffs are entitled to a declaration that California *Penal Code* § § 597, *et seq.*, and 597.1, *et seq.*, are unconstitutional on their face and to an order temporarily and permanently enjoining its enforcement.

**EIGHTH CAUSE OF ACTION**

**(For Preemption - By All Plaintiffs Against Defendants SBC, LAC, and KC.]**

**133.**   Plaintiffs realleges paragraphs 1-100 and 129-132 above and hereby incorporates them as though fully set forth herein.

**134.**   The federal government has established a comprehensive federal statutory scheme for the regulation of animals and activities in interstate and foreign commerce.  One of the centerpieces of this scheme is the Animal Welfare Act, 7 U.S.C. § § 2131 through 2156 (the "AWA").

**135.**   California *Penal Code* §§ 597, *et seq.*, and 597.1, *et seq.*,  provide for peace officers, animal control officers, officers of a humane society, or officer of a pound or animal regulation department of a public agency to remove, take, seize, and/or destroy animals in possession of any person alleged to, *inter alia*, cause or permit animal abuse and neglect whether the person be an individual pet owner, breeder,

farmer, veterinarian, local pet shop, non-profit rescue, or other animal business or enterprise.  Federal law regulates such activities since to remove, take, seize, and/or destroy animals since such affects interstate or foreign commerce; California *Penal Code* §§ 597, *et seq.*, and 597.1, *et seq.*, therefore, are preempted.

136.    Accordingly, Plaintiffs are entitled to a declaration that California *Penal Code* § § 597, *et seq.*, and *Penal Code* § 597.1, *et seq.*, are unconstitutional on their face and to an order temporarily and permanently enjoining their enforcement.

### NINTH CAUSE OF ACTION

### [For Breach of Contract - By Plaintiffs against Defendants SK,

### HK and/or SARGIOUS.]

137.    Plaintiffs realleges paragraphs 1-100 above and hereby incorporates them as though fully set forth herein.

138.    On or about April 12, 2006, Defendants SK, HK, and SARGIOUS entered into a contract and agreement with plaintiffs to provide veterinarian medical care-treatment and boarding of their dogs (hereinafter "Medical Care-Boarding Contract").

139.    Pursuant to the terms and conditions of Medical Care-Treatment Contract, defendants SK, HK, and/or SARGIOUS expressly agreed to provide veterinarian medical care-treatment and boarding of their dogs in exchange for plaintiffs' expressed agreement and payment of $6,000.

140.    Plaintiffs have performed all conditions, covenants and promises required to be performed by him under the terms of the contract sued upon except as excused or prevented by the wrongful conduct of defendants SK, HK, and/or SARGIOUS.

141.    Defendants SK, HK, and/or SARGIOUS breached the contract by failing to provide boarding and medical veterinarian care-treatment and boarding as agreed.

142.    As a direct and proximate result of the conduct of defendants SK, HK, and/or SARGIOUS, plaintiffs have been damaged in an amount to be proven at trial.

///

///

## TENTH CAUSE OF ACTION

**[For Breach of Implied Covenant of Good Faith & Fair Dealing Against**

**By Plaintiffs against Defendants SK, HK, and/or SARGIOUS.]**

143.    Plaintiffs realleges paragraphs 1-100 and 138-142 above and hereby incorporates them as though fully set forth herein.

144.    In every contract there exists an implied covenant of good faith and fair dealing which ensures that neither party will do anything which will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract. This implied covenant not only imposes on the each party the duty to refrain from anything which would render performance of the contract by the other party impossible by any act of the other party, but also the duty to accomplish the purpose of the contract and to ensure that the other party receives the benefit of its bargain.

145.    Defendants SK, HK, and/or SARGIOUS, through use of fraud, misrepresentation and concealment, as devised through the agreement, collusion, conspiracy, and assistance of and with defendants SBC, SBAC, CRONIN, SMITH, LAC, DACC, MAYEDA, FRANCO, KOENIG, GARCIA, KC, KCRMA, KCAC, HAYNES, EIRICH, and/or DUNLAP, breached their respective obligations under the implied covenant of good faith and fair dealing that existed in the Medical Care-Boarding Contract. The engagement of such conduct resulted in the fraudulent misrepresentation and concealment.  Consequently, plaintiffs did not receive what was promised under the Medical Care-Boarding Contract.

146.    Plaintiffs have fully performed their respective obligations under the terms of the contract.  Due to the breach of the implied covenant of good faith and fair dealing in the contract by defendants SK, HK, and/or SARGIOUS, plaintiffs are excused from any further performance of his respective obligations, if any, under said contract.

147.    As a direct and proximate result of the conduct of defendants SK, HK, and/or SARGIOUS, plaintiffs have been damaged in an amount to be proven at trial.

/ / /

-34-
COMPLAINT; DEMAND FOR TRIAL BY JURY

**ELEVENTH CAUSE OF ACTION**

**[For Breach of Mandatory & Fiduciary Duty - By Plaintiffs Against Defendants SK, HK, and/or SARGIOUS.]**

148.   Plaintiffs realleges paragraphs 1-100, 138-142, and 144-147 above and hereby incorporates them as though fully set forth herein.

149.   Defendants SK, HK, and/or SARGIOUS, by virtue of the fact that SARGIOUS licensed to practice veterinary medicine and is otherwise subject to California *Business and Professions Code* § 4857, such imposes both a fiduciary and mandatory duty under law to plaintiffs as a result of the Medical Care-Boarding Agreement which defendants SK, HK, and/ir SARGIOUS breached.

150.   As a direct and proximate result of the conduct of defendants SK, HK, and/or SARGIOUS, plaintiffs have been damaged in an amount to be proven at trial.

**TWELFTH CAUSE OF ACTION**

**[For Breach of Contract - By Plaintiffs Against Defendant KREVITZ.]**

151.   Plaintiffs realleges paragraphs 1-100 above and hereby incorporates them as though fully set forth herein.

152.   On or about April 15, 2006, defendant KREVITZ entered into an oral agreement and contract with plaintiffs.  Under the agreement and contract, defendant KREVITZ agreed to provide medical care and treatment to fifty-four (54) dogs in exchange for her services in adopting-out twenty-seven (27) of said dogs and splitting 50% of the adoption proceeds with plaintiffs (hereinafter the "Medical-Care & Adoption Contract"), while returning the remaining dogs.

153.   Plaintiffs has performed all conditions, covenants and promises required to be performed by him under the terms of the contract sued upon except as excused or prevented by the wrongful conduct of defendant KREVITZ.

154.   Defendant KREVITZ breached the contract by failing to provide medical an care and treatment to the dogs, adopting-out and not paying 50% of the adoption

///

COMPLAINT; DEMAND FOR TRIAL BY JURY

fees, and by keeping, converting, and/or otherwise destroying the remaining dogs agreed to be returned after being provided medical care and treatment.

155.   As a direct and proximate result of the conduct of defendant KREVITZ, plaintiffs have been damaged in an amount to be proven at trial.

## THIRTEENTH CAUSE OF ACTION

### [For Breach of Implied Covenant of Good Faith & Fair Dealing -

### By Plaintiffs against Defendant KREVITZ.]

156.   Plaintiffs realleges paragraphs 1-100, 144, 152-155 above and hereby incorporates them as though fully set forth herein.

157.   Defendant KREVITZ, through use of fraud, misrepresentation and concealment, as devised through the agreement, collusion, conspiracy, and assistance of and with defendants SBC, SBAC, CRONIN, SMITH, LAC, DACC, MAYEDA, FRANCO, KOENIG, GARCIA, KC, KCRMA, KCAC, HAYNES, EIRICH, DUNLAP, and/or CRUPH, breached her respective obligations under the implied covenant of good faith and fair dealing that existed in the Medical Care-Adoption Contract. The engagement of such conduct resulted in the fraudulent misrepresentation and concealment. Consequently, plaintiffs did not receive what was promised under the Medical Care-Adoption Contract.

158.   Plaintiffs have fully performed their respective obligations under the terms of the contract.  Due to the breach of the implied covenant of good faith and fair dealing in the contract by defendant KREVITZ, plaintiffs are excused from any further performance of his respective obligations, if any, under said contract.

159.   As a direct and proximate result of the conduct of defendant KREVITZ, plaintiffs have been damaged in an amount to be proven at trial.

## FOURTEEN CAUSE OF ACTION

### [For Conversion - By Plaintiffs Against By Plaintiffs against Defendant KREVITZ.]

160.   Plaintiffs realleges paragraphs 1-100, 144, 152-155, and above and hereby incorporates them as though fully set forth herein.

–36–

**161.** Defendant KREVITZ as a result of her conduct has converted said dogs for her own use and/or to protect her own interests and not that of plaintiffs.

**162.** As a direct and proximate result of the conduct of defendant KREVITZ, plaintiffs have been damaged in an amount to be proven at trial.

**163.** Defendant KREVITZ committed the wrongful and intentional acts as herein alleged and described above, knowingly, willingly and maliciously, with oppression and in reckless and conscious disregard of the rights and interests of plaintiffs. By reason thereof under California *Civil Code* § 3294, damages should beset in a sum to set an example, punish, and/or deter such conduct.

# PRAYER

**WHEREFORE**, plaintiffs prays judgment against defendants, and each of them, as follows:

**1.** For general and special damages in an amount according to proof;

**2.** For punitive damages against the individual defendants, in an amount sufficient to deter and to make an example of those applicable defendants;

**3.** For attorney fees, interest, and costs where provided by law or statute;

**4.** For a preliminary and permanent injunction enjoining defendants SBC, SBAC, LAC, DCAA, KC, and KCAC (and divisions, departments, officers, servants, employees, attorneys, agents and representatives, successors-ib-office and all persons acting or purporting to act in concert or in cooperation with defendants in continuing to enforce California Penal Code § § 597, *et seq.* and/or 597.1, *et seq.,* as well as conduct their respective Illegal Search & Seizure Policy(ies); and

**5.** For all other relief as the Court finds just and proper.

**DATED:** April 7, 2008

# DEMAND FOR TRIAL BY JURY

Plaintiffs hereby requests a trial by jury.

///

DATED: April 7, 2008        LAW OFFICE OF JOHN J. URIBE

By:
_____
JOHN J. URIBE
Attorney for Plaintiffs:
BRANDY FOUNDATION ANIMAL SANCTUARY
CYNTHIA LEE BEMIS
CYNTHIA VALARIE TRAPANI
VINCE DEAN RHOADS

COMPLAINT; DEMAND FOR TRIAL BY JURY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## CV08- 2292 DDP (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

LAW OFFICE OF JOHN J. URIBE
JOHN J. URIBE, ESQ. (SBN: 196720)
Post Office Box 69276
Los Angeles, California 90069
Tel: (310) 582-0110

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandy Foundation Animal Sanctuary; Cynthia Lee Bemis; Cynthia Valerie Trapani, *See attached,* <br> PLAINTIFF(S) <br><br> v. <br><br> San Bernardino County; San Bernardino Animal Care & Control; Brian Cronin; John Papp; Doubglas Smith; San Bernardino County Sheriff's Department; Sheriff-Coroner Gary Penrod; *See attached,* <br> DEFENDANT(S). | CASE NUMBER <br><br> CV08-02292DDP PLAx <br><br><br> **SUMMONS** |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within ⟶0 ___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _____, whose address is _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

APR - 7 2008

Dated: _____

By: _____ NATALIE LONGORIA _____
Deputy Clerk

*(Seal of the Court)*    1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    **SUMMONS**

# ATTACHMENT

**Plaintiffs:**

**(1)** BRANDY FOUNDATION ANIMAL SANCTUARY;
**(2)** CYNTHIA LEE BEMIS;
**(3)** CYNTHIA VALARIE TRAPANI; and
**(4)** VINCE DEAN RHOADS,

**Defendants:**

**(1)** SAN BERNARDINO COUNTY; **(2)** SAN BERNARDINO COUNTY ANIMAL CARE & CONTROL; **(3)** BRIAN CRONIN; **(4)** JOHN PAPP; **(5)** DOUGLAS SMITH; **(6)** SAN BERNARDINO COUNTY SHERIFF-CORNER'S DEPARTMENT; **(7)** SHERIFF-CORONER GARY PENROD; **(8)** ROBERT J. WOODRUM; **(9)** COUNTY OF LOS ANGELES; **(10)** LOS ANGELES COUNTY DEPARTMENT OF ANIMAL CARE & CONTROL; **(11)** MARCIA MAYEDA; **(12)** CHRISTINE FRANCO; **(13)** SHERI KOENIG; **(14)** ALONZO REAL; **(15)** CARMEN a/k/a MARIA GARCIA; **(16)** DANNY UBARIO; **(17)** PATRICIA CUNNINGHAM; **(18)** JOSIE ZABALA, DVM; **(19)** LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; **(20)** SHERIFF LEE BACA; **(21)** SHANDERIN KENNELS; **(22)** HURSTLAND KENNELS; **(23)** SAMIR SARGIOUS, DVM; **(24)** DEBI McGREGOR; **(25)** MARY ANN GONZALEZ; **(26)** RIGO ACEVES; **(27)** COUNTY OF KERN; **(28)** KERN COUNTY RESOURCE MANAGEMENT AGENCY; **(29)** DAVID PRICE III; **(30)** KERN COUNTY ANIMAL CONTROL SERVICES DEPARTMENT; **(31)** DENISE HAYNES; **(32)** STEVEN G. EIRICH a/k/a STEVE EIRICH a/k/a STEVEN G. EIRICH, JR.; **(33)** JULIE RAYNE DUNLAP-SUGGS a/k/a JULIE DUNLAP; **(34)** DANIEL BURGESS; **(35)** JENNIFER L. McDOUGLE, DVM; **(36)** ELISE MARTIN, DVM; **(37)** KERN COUNTY SHERIFF'S OFFICE; **(38)** SHERIFF DONNY YOUNGBLOOD; **(39)** J. CARPENTER; **(40)** GAGNON; **(41)** MELISSA T. KREVITZ a/k/a MELISSA MASON; **(42)** JULIE ANN CRUPH a/k/a JULIE CRUPH; and DOES 1 through 10, inclusive, in their official and individual capacities.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
(1) BRANDY FOUNDATION ANIMAL SANCTUARY;
(2) CYNTHIA LEE BEMIS;
(3) CYNTHIA VALARIE TRAPANI; and
(4) VINCE DEAN RHOADS.

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles, San Bernardino, and Kern.

**DEFENDANTS**
See attached.

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Los Angeles, San Bernardino, Kern, and San Diego.

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Law Office of John J. Uribe
P.O. Box 69276
Los Angeles, California 90069
Tel: (310) 582-0110

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $_____**

---

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 1983 - Violation of civil and constitutional rights, etc.

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☑ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition
**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

---

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No   ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

CV08-02292

CV-71 (07/05)                     CIVIL COVER SHEET                     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
    Los Angeles, San Bernardino, and Kern.

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
    Los Angeles, San Bernardino, Kern, and San Diego.

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
    Los Angeles, San Bernardino, and Kern.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Law Office of John J. Uribe _____   Date _____ 04/07/2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (07/05)                           CIVIL COVER SHEET